# IN THE COURT OF APPEALS OF IOWA

No. 22-0797
Filed April 26, 2023

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JONATHAN ALLEN KLEIN,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling (motion to substitute counsel) and Wyatt P. Peterson (trial), Judges.

Jonathan Klein appeals his conviction for failure to comply with sex offender registry requirements. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCOTT, Senior Judge.**

Jonathan Klein appeals his conviction for failure to comply with sex offender registry (SOR) requirements, challenging the sufficiency of the evidence to support the conviction and the court's denial of his motion to substitute counsel. We affirm.

Our standard of review in a sufficiency-of-the-evidence challenge is for errors of law. *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022). The district court's "finding of guilt is binding on us unless we find there was not substantial evidence in the record to support such a finding." *State v. Stendrup*, 983 N.W.2d 231, 241 (Iowa 2022) (citation omitted). "That is a highly deferential standard, and we draw all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record in favor of the State." *Id.* "Substantial evidence . . . is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Brimmer*, 983 N.W.2d at 256 (citation omitted).

This case was tried on the minutes of testimony, which show Klein was adjudicated for third-degree sexual abuse on February 27, 2001. At the time, Klein states he was informed he was required to register as a sex offender for ten years.

Effective July 1, 2009, Iowa Code chapter 692A governing the SOR was extensively amended. *See* 2009 Iowa Acts ch. 119, § 31.

Klein was convicted of violating the SOR requirements in May 2011 in Illinois. He was also convicted of one count of failure to comply with SOR requirements, second or subsequent offense, in July 2020 in Iowa, "in violation of Iowa Code sections 692A.103, 692A.104, and 692A.111." That judgment entry provides, "[Klein] shall register as a sex offender for an additional ten (10) years under section 692A.106(4)."

On December 8, 2021, Detective Ryan Luttenegger, a detective with the Des Moines County Sheriff's Office, received information Klein—a "non-expiring Tier III registrant" "may be in violation of the [SOR] requirements." The detective checked Klein's file, which noted he last registered on October 10, to update his address information. Klein's current employer was listed as a construction business, MPC.

Detective Luttenegger contacted the person Klein had listed as a co-resident. She informed Detective Lutteneger that Klein had moved out sometime in late September or early October. Detective Luttenegger also contacted MPC and learned Klein had been terminated on October 8.

Detective Luttenegger interviewed Klein on December 8. Klein told the detective he had been kicked out of his prior residence "about three weeks ago" and was sleeping on the streets. Klein admitted he was no longer employed at MPC. Klein admitted to Detective Luttenegger he was aware of his SOR requirements. Klein was charged with failure to comply with SOR requirements. He waived his right to a jury trial, and the district court found Klein guilty as charged.

In order to convict Klein of failure to comply with the SOR, the State was required to establish that "(1) [Klein] was a registered sex offender; (2) he failed to inform the sheriff of a change in [residence or employment]; and (3) he knew or should have known of the requirement to inform the sheriff." *State v. Widner*, No. 21-0627, 2022 WL 1486505, at *2 (Iowa Ct. App. May 11, 2022).

Iowa Code section 692A.104(2) (2021) provides that "[a] sex offender shall, within five business days of changing a residence, employment, or attendance as

a student, appear in person to notify the sheriff of each county where a change has occurred." Section 692A.111, which sets forth the penalties for failure to comply with SOR requirements, provides that "a violation occurs when a sex offender knows or reasonably should know of the duty to fulfill a requirement specified in this chapter as referenced in the offense charged." Klein contends there is not sufficient evidence he knew he was required to inform the sheriff of his change of residence or employment status within five days, as required by sections 692A.104(2) and 692A.111.

Klein argues that his statement to Detective Luttenegger that he was aware of his registration requirements did not permit a broader inference that he was aware of the specific requirements that he had five days in which to update his change of residence or employment with the Sheriff's Office. He cites *State v. Adams*, No. 09-1499, 2010 WL 3894440 (Iowa Ct. App. Oct. 6, 2010), in support of his contention that the evidence was insufficient to prove that he knew or should have known of the registry requirements. In *Adams*, the defendant registered his address but did not register a change of address within five days of when he slept at his fiancée's residence for three consecutive nights. 2010 WL 3894440, at *1. He was charged with failing to register a residence change. *Id.* at *7. On a "very limited, two-page, agreed-upon record" the appellate court found there was "nothing in this record [that] supports a finding that Adams knew or should have known of the duty to register a change in address. *Id.*

In *Adams*, we explained,

[T]he State may prove the defendant's knowledge through either subjective or objective evidence. The mens rea element can be met by evidence of the person's actual knowledge or by the showing of

such circumstances from which the person's knowledge may be inferred including the person's conduct, remarks, and all surrounding circumstances."

*Id.*

Here, Klein's knowledge can be inferred from his remarks and the surrounding circumstances. Klein stated he was aware of the SOR requirements. Klein was recently convicted of failure to comply—second or subsequent offense—in violation of section 692A.104. *See Widner*, 2022 WL 1486505, at *3 (finding sufficient evidence to prove the defendant knew or should have known his duty to update a change in his residence or employment office with the sheriff noting that "Widner was on probation for a previous conviction for failing to register"). Klein did update his registry information on October 12, 2021, providing an address and noting his employment. From the recent conviction and registration, a rational factfinder could infer Klein knew or should have known of the registry requirements. *See State v. Krugle*, No. 02-0083, 2002 WL 31883017, at *2 (Iowa Ct. App. Dec. 30, 2002) (finding evidence of defendant's "prior registrations in January and July 1997 were sufficient to establish that he knew of his obligations under chapter 692A"). There is substantial evidence to sustain the conviction.

Klein also contends the trial court should have granted his motion for substitute counsel in which he wrote, "I need a new public defender. I refuse to work with James Carter."

At the hearing on Klein's motion for different counsel, the court asked him to explain the reason for his request. Klein explained he had wanted to take his 2020 SOR violation case to trial and he thought it "was unfair that I wasn't able to take it to trial." The court ruled "there's no showing that there's a lack of

representation in the cases that we're here for today. Your complaints have to do with events that occurred sometime between three years ago and 20[2]0, in 20[2]0 when I sentenced you on this [SOR], second or subsequent offense."

> Where a defendant represented by a court-appointed attorney requests the court appoint substitute counsel, sufficient cause must be shown to justify replacement. "Sufficient cause includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." The decision to grant a motion for substitute counsel is a matter within the trial court's discretion. Last-minute requests for substitute counsel, insofar as they constitute a delay tactic, are disfavored.

*State v. Tejeda*, 677 N.W.2d 744, 749–50 (Iowa 2004) (internal citations omitted).

Klein argues his motion was not last minute and he gave reasons for wanting a different attorney, which should have allowed substitute counsel. Klein asserts he did not trust the attorney based on the prior representation and "the implications of the disagreement between counsel and client ended up playing out in court. At the February 28, 2022 pretrial conference, Klein aborted his plea attempt due to his disagreement regarding the duration of his registry requirements." But from the interaction between the court and Klein on February 28, it is clear Klein's problem was not with counsel but with an amendment of the law after he was adjudicated for third-degree sexual abuse.[1]

---

[1] After reading the statutory changes made since Klein's adjudication, Klein stated, "But when I was underage, I was told that I only had to register for ten years." The court noted:

> Well, I'm not disputing anything you say. I'm just trying to explain to you why I think that the advice the judge gave you in 2001, while it may have been correct at the time, has to be viewed in light of the changes that were made by the Legislature in 2009 and 2010. Because when they made those changes, they pulled you into chapter 692A.

*See State v. Murray*, No. 22-0065, 2023 WL 2671861, at *2–3 (Iowa Ct. App. Mar. 29, 2023) (rejecting defendant's claim that he should not be charged with failing to

The court then rescheduled the matter:

> That way Mr. Carter will have plenty of opportunity to discuss the situation with Mr. Klein and do any appropriate research to determine what Mr. Klein's remedies are with regard to this case and with the old ones, but would also give the State enough time that if we did have to prepare for trial, we would have enough time to do so.

At the rescheduled pretrial conference, a different assistant public defender appeared with Klein and confirmed the case for trial the following week. On March 11, Klein waived a jury trial and agreed to a trial on the minutes. No mention was made about substitute counsel. We cannot find the court abused its discretion related to a motion for substitute counsel on this record. We therefore affirm.

**AFFIRMED.**

---

register because he was misinformed that he was only required to register for ten years and that ten-year period had passed and affirming the district court's decision to grant State's motion to correct a 1999 judgment as an illegal sentence and strike any reference to a duration of SOR).